**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TIMOTHY MULCHER, | : | |
| Plaintiff | : | |
| | : | CIVIL NO. 3:15-CV-0032 |
| v. | : | |
| | : | (JUDGE NEALON) |
| STEVEN GREENWALD, ET AL., | : | (MAGISTRATE JUDGE CARLSON) |
| Defendant | : | |

**MEMORANDUM**

On January 6, 2015, Plaintiff, Timothy Mulcher, an inmate currently confined at Luzerne County Prison in Wilkes-Barre, Pennsylvania, filed a complaint pursuant to the 42 U.S.C. § 1983. (Doc. 1). On January 6, 2015, the case was referred to Magistrate Judge Martin C. Carlson. On January 9, 2015, Plaintiff filed a motion to amend/ correct his complaint. (Doc. 6). On January 21, 2015, Magistrate Judge Carlson issued a Report and Recommendation ("R&R"), recommending that Plaintiff's motion for leave to proceed in forma pauperis be granted, and that Plaintiff's complaint be dismissed without prejudice affording Plaintiff the opportunity to amend his complaint. (Doc. 8).

Objections were due by February 9, 2015. (Doc. 8). Defendant failed to file objections by this date, and, for the reasons set forth below, the rational from the R&R will be adopted, but the conclusion from R&R will be not adopted.

**Standard of Review- Report and Recommendation**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied, 484 U.S. 837 (1987); Garcia v. I..N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. L.R. 72.3

**Standard of Review- Proceedings In Forma Pauperis**

Pursuant to 28 U.S.C. § 1915, the court may review an in forma pauperis complaint prior to service and "shall dismiss the case at any time if the court

determines that ... the action ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e) (2)(B)(ii); (Doc. 11, p. 4). Moreover, "[i]f the allegations, taken as true, show that relief is barred by the applicable statute of limitations, a complaint is subject to dismissal for failure to state a claim." LeBlanc v. Snavely, 453 Fed. Appx. 140, 141 (3d Cir. 2011), citing Jones v. Bock, 549 U.S. 199, 215 (2007). "A United States District Court may sua sponte raise the statute of limitations in screening a complaint so long as the statute of limitations defect is apparent from the face of the complaint or from matters of which judicial notice may be had." Eaves v. Sholek, 2013 U.S. Dist. LEXIS 130479, *9 (W.D. Pa. 2013) (citing Mumma v. High-Spec, 400 F. Appx. 629, 631 n.1 (3d Cir. 2010)), adopted by 2013 U.S. Dist. LEXIS 130317 (W.D. Pa. 2013) (dismissing the complaint on screening as barred by the applicable statute of limitations). See also LeBlanc, 453 Fed. Appx. at 141 (stating that where the statute of limitations "defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim").

**Background**

On January 6, 2015, Plaintiff filed a complaint under Section 1983 against

the following Defendants: (1) Steve Greenwald, Chief Public Defender; (2) the Public Defenders Office; and (3) the Head of the Purchasing Department. (Doc. 1). Plaintiff then filed an amended complaint on January 9, 2015 against the same Defendants alleging the same facts. (Doc. 6).[1] In both his complaint and his amended complaint, Plaintiff alleges that, while working in the pre-work release and work release programs during his incarceration in the Luzerne County Prison, he renovated an office for the Public Defender's Office, but that he was not paid for his work. (Doc. 1, pp. 2-3) (Doc. 6, pp. 1-3). Plaintiff is requesting the following relief: (1) twenty thousand dollars ($20,000.00) for the work performed at the Luzerne County Public Defender's Juvenile Unit; (2) one thousand five hundred dollars ($1,500.00) for the work performed on the break room at the Luzerne County Purchasing and Billing Department; (3) one hundred ten thousand dollars ($110,000.00) in punitive damages; (4) fifty thousand dollars ($50,000.00) from Defendants Greenwald and Public Defender's Office; (5) five thousand dollars ($5,000.00) from Defendant Head of Purchasing Department; and (6) any other compensatory or intentional infliction of emotional distress damages this Court sees fit. (Doc. 6, pp. 3-4).

---

[1] It is noted that Plaintiff's amended complaint was filed as a motion to file an amended complaint; however, this filing was an actual amended complaint, and was considered by Magistrate Judge Carlson and the Undersigned as such.

Screening the complaint pursuant to 28 U.S.C. § 1915, Magistrate Judge Carlson issued an R&R outlining a court's screening duties and the applicable standard of review. (Doc. 8, pp. 1-6). The Magistrate Judge concludes that the complaint fails to state a claim and that the Court does not have jurisdiction over Plaintiff's cause of action because: (1) Plaintiff has failed to name proper Defendants for a Section 1983 action; and (2) Plaintiff is alleging a breach of contract claim, which does "rise to the level of a cognizable violation of the Fourteenth Amendment." (Doc. 8, pp. 7-11). Nevertheless, Magistrate Judge Carlson recommends that Plaintiff's complaint and amended complaint be dismissed without prejudice with leave to amend. (Id. 12-14). Plaintiff did not file objections to the R&R.

The Magistrate Judge's conclusion in the R&R will not be adopted because leave to amend would be futile in this instant action. See Glenn v. Pa. Bd. Of Prob. & Parole, 2010 U.S. Dist. LEXIS 81354, *2-3 (M.D. Pa. Aug. 11, 2010) (Caldwell, J.) (". . . a complaint that sets forth facts which affirmatively demonstrate that the plaintiff [] has no right to recover is properly dismissed without leave to amend.") (citing Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002)). Initially, leave to amend would be futile because, as discussed by Magistrate Judge Carlson, Plaintiff has failed to name a proper

Defendant.  A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements:  1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).  As discussed, and adopted herein, by the Magistrate Judge, none of the Defendants named in this complaint are considered to be "persons" acting under color of state law.  (Doc. 8, pp. 10-11).  Therefore, Plaintiff has failed to allege the first prong of a Section 1983 claim.

Furthermore, as stated by Magistrate Judge Carlson in his R&R, and adopted herein, Plaintiff is raising a breach of contract action that is not cognizable under the Fourteenth Amendment, and has therefore failed to properly allege the second prong of a Section 1983 claim.  (Doc. 8, pp. 8-9).

Therefore, because Plaintiff has failed to name proper Defendants, is seemingly raising a breach of contract issue that does not amount to a cognizable Constitutional issue, has failed to even insinuate that any other defendant has violated his Constitutional rights, and has failed to mention any possible allegation that would implicate that his Constitutional rights were violated under Section

1983, it would be futile to allow Plaintiff to amend his complaint.

As such, the rationale from the R&R will be adopted, but the conclusion from the R&R will not be adopted, and the complaint will be dismissed with prejudice. Plaintiff's motion for leave to proceed in forma pauperis will be granted for the sole purpose of filing this action.

A separate Order will be issued.


**Date:** February 12, 2015

                                          **/s/ William J. Nealon**
                                          **United States District Judge**